ALD-253                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2331
_____

IN RE:  BRIAN ERIC TIMM,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-18-cv-09769)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 28, 2018
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 18, 2018)
_____

OPINION*
_____

PER CURIAM

    Brian Eric Timm, proceeding <u>pro se</u>, has filed a petition for a writ of mandamus

seeking review of an order of the United States District Court for the District of New

Jersey denying his motion for a preliminary injunction.  For the reasons that follow, we

will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Timm filed a complaint in District Court challenging the validity of a New Jersey state court's final judgment in a foreclosure action against him and the underlying mortgage and note. He also challenged the lawfulness of the Sheriff's Sale of his property and his scheduled eviction. As relief, Timm sought money damages, an order declaring the mortgage and note null and void, and an order restoring title to the property to him. Timm then filed a motion for a preliminary injunction seeking to enjoin the Sheriff from evicting him and to enjoin all foreclosures in the state.

The District Court denied the motion on the ground that the requested relief is barred by the Rooker-Feldman[1] doctrine to the extent it stemmed from the state court foreclosure proceedings and, to the extent not barred, on the ground that Timm had not shown that he was entitled to relief. Timm's complaint has yet to be adjudicated. His present mandamus petition asks us to review the District Court's order denying preliminary injunctive relief and to compel the District Court to issue an injunction. Timm has also filed a motion to stay his eviction pending the outcome of his petition, which was temporarily granted.

"Traditionally, the writ of mandamus has been used to 'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use

_____

[1]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

is discouraged.'" Id.  A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable.  Id.  A writ should not be issued where an ordinary appeal is available.  Id.

Timm has not shown that he has no other adequate means to attain his desired relief.  Timm states that the order denying a preliminary injunction is not a final, appealable order, but such an order is appealable pursuant to 28 U.S.C. § 1292(a)(1).  See Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017); Cohen v. Board of Tr. of the Univ. of Med. and Dentistry of New Jersey, 867 F.2d 1455, 1464 (3d Cir. 1989) (en banc).

Accordingly, we will deny the petition for a writ of mandamus.[2]

---

[2]The temporary grant of Timm's motion to stay his eviction pending the disposition of his mandamus petition is vacated and his motion for a stay is denied as moot.